UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> INTEGRATED SILICON SOLUTION, INC. <br><br> Defendant. | CASE NO.: C 07 3945 <br><br> CONSENT OF DEFENDANT INTEGRATED SILICON SOLUTION, INC. TO FINAL JUDGMENT |

1.  Defendant Integrated Silicon Solution, Inc. ("Defendant") waives service of the summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B) and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13, and 14a-9 thereunder.

3.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.  Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to take all reasonable steps to make available to its employees and agents to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

1  service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local
2  rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging,
3  and subsistence expenses at the then-prevailing U.S. Government per diem rates; and
4  (v) consents to personal jurisdiction over Defendant in any United States District Court for
5  purposes of enforcing any such subpoena.
6      13.    Defendant agrees that the Commission may present the Final Judgment to the
7  Court for signature and entry without further notice.
8      14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the
9  purpose of enforcing the terms of the Final Judgment.

Dated: July 5, 2007                INTEGRATED SILICON SOLUTION, INC.

By: _____
Bruce A. Wooley
Director, Integrated Silicon Solution, Inc.
1940 Zanker Road
San Jose, California 95112

On July 5, 2007, 2007, Bruce A. Wooley, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Integrated Silicon Solution, Inc., as a Director of the Company.

_____
Notary Public
Commission expires:

Approved as to form:



ELVIRA MINJAREZ
Commission # 1656361
Notary Public - California
Santa Clara County
My Comm. Expires May 3, 2010

_____
Jerome F. Birn Jr.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 496-4358
Attorney for Defendant
INTEGRATED SILICON SOLUTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SILICON SOLUTION, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br><br><br>**FINAL JUDGMENT AGAINST DEFENDANT INTEGRATED SILICON SOLUTION, INC.** |

Plaintiff United States Securities and Exchange Commission ("Commission") has filed a Complaint for Permanent Injunction and Other Relief ("Complaint") in this action and Defendant Integrated Silicon Solution, Inc. ("ISSI") has entered a general appearance and has submitted the Consent of Integrated Silicon Solution, Inc. to entry of Final Judgment of Permanent Injunction and Other Relief ("Consent"). In the Consent, ISSI waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over it and over the subject matter of this action, admitted that is was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees, those with powers of attorney on ISSI's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by

1 personal service or otherwise, and each of them, are permanently enjoined and restrained from,
2 directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15
3 U.S.C. § 77q(a)] by:

    1. employing any device, scheme, or artifice to defraud;

    2. obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

## II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

    1. employing any device, scheme, or artifice to defraud;

    2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by failing to file annual and periodic reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing to include such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    A.    transactions are executed in accordance with management's general or specific authorization;

   B.  transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

   C.  access to assets is permitted only in accordance with management's general or specific authorization; and

   D.  the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. §240.14a-9] by making or causing to be made solicitations by means of a proxy statement as required by Rule 14a-3 [17 C.F.R. § 240.14a-3], form of proxy, notice of meeting or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that ISSI shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

*/s/ Xavier Carlos Vasquez*

Helane L. Morrison
Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan
Xavier Carlos Vasquez
Attorneys for Plaintiff

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

*/s/ Jerome F. Birn Jr. by NMcA*

Jerome F. Birn Jr.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 496-4358
Attorney for Defendant
INTEGRATED SILICON SOLUTION, INC.

Dated this ____ day of _____, 2007   _____
                                                UNITED STATES DISTRICT JUDGE