1  MARC J. FAGEL (CA Bar No.154425)
     (fagelm@sec.gov)
2  MICHAEL S. DICKE (CA Bar 158187)
     (dickem@sec.gov)
3  SHEILA E. O'CALLAGHAN (CA Bar 131032)
     (ocallaghans@sec.gov)
4  XAVIER CARLOS VASQUEZ (CA Bar No. 194644)
     (vasquezc@sec.gov)
5
   Attorneys for Plaintiff
6  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
7  San Francisco, California 94104
   Telephone: (415) 705-2500
8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                        [SAN JOSE DIVISION]

13

14  SECURITIES AND EXCHANGE COMMISSION,   Civil Action No.   **C 07 3945**

15            Plaintiff,
                                          CONSENT OF GARY L. FISCHER TO
16       v.                               ENTRY OF FINAL JUDGMENT OF
                                          PERMANENT INJUNCTION AND OTHER
17  GARY L. FISCHER,                      RELIEF

18            Defendant.

19  ────────────────────────────────────

20       Defendant Gary L. Fischer ("Defendant") waives service of a summons and the complaint in

21  this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over

22  the subject matter of this action.

23       1.      Without admitting or denying the allegations of the complaint (except as to personal and

24  subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final

25  Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein,

26  which, among other things:

27           (a)      permanently restrains and enjoins Defendant from violation of Section 17(a) of

28  the Securities Act of 1933 ("Securities Act") and Sections 10(b), 13(b)(5) and 16(a) of the

1    Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 13b2-1, 13b2-2 and 16a-3

2    thereunder, and aiding and abetting violations of Section 13(a), 13(b)(2)(A), 13(b)(2)(B) and

3    14(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, 13a-13, 13a-14, 14a-3 and 14a-9

4    thereunder;

5        (b)    orders Defendant to pay disgorgement in the amount of $355,372, plus

6    prejudgment interest thereon in the amount of $59,458.07, but deems such payment satisfied

7    upon payment of these amounts to Integrated Silicon Solution, Inc.; and

8        (c)    orders Defendant to pay a civil penalty in the amount of $125,000 under Section

9    20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act; and

10       d)    prohibits Defendant for five years from the date of the entry of the Final

11   Judgment from serving as an officer or director of any issuer of a security registered pursuant to

12   Section 12 or 15(d) of the Exchange Act.

13       2.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement

14   or indemnification from any source, including but not limited to payment made pursuant to any

15   insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final

16   Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution

17   fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim,

18   assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any

19   penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such

20   penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit

21   of investors.

22       3.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule

23   52 of the Federal Rules of Civil Procedure.

24       4.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

25   Final Judgment.

26       5.    Defendant enters into this Consent voluntarily and represents that no threats, offers,

27   promises, or inducements of any kind have been made by the Commission or any member, officer,

28   employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance

1  with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any

2  public statement denying, directly or indirectly, any allegation in the complaint or creating the

3  impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent,

4  Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation

5  in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to

6  vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph

7  affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in

8  litigation or other legal proceedings in which the Commission is not a party.

9       11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

10  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

11  the United States, or any agency, or any official of the United States acting in his or her official

12  capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

13  expended by Defendant to defend against this action.  For these purposes, Defendant agrees that

14  Defendant is not the prevailing party in this action since the parties have reached a good faith

15  settlement.

16       12.    Defendant agrees that the Commission may present the Final Judgment to the Court

17  for signature and entry without further notice.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    13.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

2  purpose of enforcing the terms of the Final Judgment.

3

4  Dated: _July 18, 2007_                                          _____
                                                                GARY L. FISCHER

5

6

7    On _July 18_    , 2007, Gary L. Fischer, ~~a person known to me~~, personally appeared before
                                                            aka

8  me and acknowledged executing the foregoing Consent.

9

10    _____See attached_____
      Notary Public

11  Commission expires:

12

13

14  Approved as to form:

15  _____

16  Ross W. Nadel, Esq.
    William S. Freeman, Esq.
    Cooley Godward Kronish LLP

17  101 California St., 5th Floor
    San Francisco, CA 94111-5800

18  (415) 693-2193
    Attorney for Defendant

19

20

21

22

23

24

25

26

27

28

STATE OF CALIFORNIA ⟩
⟩ ss.
COUNTY OF SAN FRANCISCO

On _July 19, 2007_, before me, _Aliza Allen_____,
(Date)                                Name And Title Of Officer (e.g. "Jane Doe, Notary Public")

personally appeared  Gary L. Fischer _____,
Name(s) of Signer(s)

☐  personally known to me

☒  proved to me on the basis of satisfactory evidence

to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_Aliza Allen_____
Signature of Notary Public

ALIZA ALLEN
Commission # 1538752
Notary Public - California
San Francisco County
My Comm. Expires Dec 24, 2008

Place Notary Seal Above

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document:  Consent of Gary L. Fischer to Entry of Final Judgment of Permanent Injunction and Other Relief

Document Date: _July 18, 2007_____        Number of Pages: _16_____

Signer(s) Other Than Named Above: _____—_____

**Capacity(ies) Claimed by Signer**

Signer's Name:_____

☐  Individual
☐  Corporate Officer – Title(s): _____
☐  Partner – ☐ Limited      ☐ General
☐  Attorney-in-Fact
☐  Trustee
☐  Guardian or Conservator
☐  Other: _____

Signer is representing:_____

RIGHT THUMBPRINT
OF SIGNER

Top of thumb here

1   MARC J. FAGEL (CA BAR NO.154425)
      (fagelm@sec.gov)
2   MICHAEL S. DICKE (CA Bar 158187)
      (dickem@sec.gov)
3   SHEILA E. O'CALLAGHAN (CA Bar 131032)
      (ocallaghans@sec.gov)
4   XAVIER CARLOS VASQUEZ (CA Bar 194644)
      (vasquezc@sec.gov)
5
    Attorneys for Plaintiff
6   SECURITIES AND EXCHANGE COMMISSION
    44 Montgomery Street, Suite 2600
7   San Francisco, California 94104
    Telephone: (415) 705-2500
8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        [SAN JOSE DIVISION]

13  SECURITIES AND EXCHANGE COMMISSION,     Civil Action No.

14                    Plaintiff,

15           v.                             [PROPOSED] FINAL JUDGMENT OF
                                            PERMANENT INJUNCTION AND OTHER
16  GARY L. FISCHER,                        RELIEF AGAINST DEFENDANT GARY L.
                                            FISCHER
17                    Defendant.

18

19          Plaintiff United States Securities and Exchange Commission ("Commission") has filed a

20  Complaint for Permanent Injunction and Other Relief ("Complaint") in this action and Defendant Gary

21  L. Fischer ("Fischer") has entered a general appearance and has submitted the Consent of Gary L.

22  Fischer to entry of Final Judgment of Permanent Injunction and Other Relief ("Consent").  In the

23  Consent, Fischer waived service of the Summons and the Complaint, admitted the jurisdiction of this

24  Court over him and over the subject matter of this action, admitted that he was fully advised and

25  informed of the right to a judicial determination of this matter, waived findings of fact and conclusions

26  of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this

27  Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth

28

in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, those with powers of attorney on Fischer's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;

2. obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

## II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3.      engaging in any act, practice, or course of business which operates or would operate as

a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's Rules thereunder, including but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], and annual reports on Form 10-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-1 [17 C.F.R. § 240.13a-1], such information and documents to contain, in addition to such information as is expressly required to be included in a statement or report to the Commission, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

1    of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

2    of them, are permanently enjoined and restrained from aiding and abetting any violation of Section

3    13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by causing any issuer which has a class

4    of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d)

5    of the Exchange Act [15 U.S.C. § 78o] to fail to make or keep books, records or accounts, which, in

6    reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the

7    issuer.

8                                                    V.

9        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents,

10   servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

11   of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

12   of them, are permanently enjoined and restrained from aiding and abetting any violation of Section

13   13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by causing any issuer which has a class

14   of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d)

15   of the Exchange Act [15 U.S.C. § 78o] to fail to devise and maintain a system of internal accounting

16   controls sufficient to provide reasonable assurances that:

17       1.    transactions are executed in accordance with management's general or specific

18             authorization;

19       2.    transactions are recorded as necessary (i) to permit preparation of financial statements

20             in conformity with generally accepted accounting principles or any other criteria

21             applicable to such statements, and (ii) to maintain accountability for assets;

22       3.    access to assets is permitted only in accordance with management's general or specific

23             authorization; and

24       4.    the recorded accountability for assets is compared with the existing assets at

25             reasonable intervals and appropriate action is taken with respect to any differences.

26                                                   VI.

27       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents,

28   servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of

1    them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

2    them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5)

3    of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a

4    system of internal accounting controls or knowingly falsifying any book, record, or account described

5    in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

6                                                    VII.

7            IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents,

8    servants, employees and attorneys-in-fact, and all persons acting in concert or participation with any

9    of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each

10   of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1

11   under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified any book,

12   record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

13                                                   VIII.

14           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents,

15   servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of

16   them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

17   them, are permanently enjoined and restrained from violating Rule 13b2-2 of the Exchange Act [17

18   C.F.R.  §240.13b2-2] by making or causing to be made a materially false or misleading statement, or

19   by omitting to state or causing another person to omit to state, any material fact necessary in order to

20   make statements made, in light of the circumstances under which such statements were made, not

21   misleading, to an accountant in connection with (A) any audit or examination of the financial

22   statements of an issuer required to be made pursuant to the federal securities laws or (B) the

23   preparation or filing of any document or report required to be filed with the Commission pursuant to

24   the federal securities laws or otherwise.

25                                                    IX.

26           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents,

27   servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of

28   them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

1  them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(a) of

2  the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-

3  14] by falsely certifying annual and quarterly reports filed with the Commission under Section 13(a)

4  of the Exchange Act.

5                                              X.

6       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents,

7  servants, employees, attorneys, and all persons in active concert or participation with them who

8  receive actual notice of this Final Judgment by personal service or otherwise are permanently

9  restrained and enjoined from aiding and abetting any violation of Section 14(a) of the Exchange Act

10  [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 promulgated thereunder [17 C.F.R. §§ 240.14a-3 and

11  240.14a-9] by making or causing to be made solicitations by means of a proxy statement as required

12  by Rule 14a-3 [17 C.F.R. § 240.14a-3], form of proxy, notice of meeting or other communication,

13  written or oral, containing a statement which, at the time and in the light of the circumstances under

14  which it was made, was false or misleading with respect to any material fact, or which omitted to

15  state any material fact necessary in order to make the statements therein not false or misleading or

16  necessary to correct any statement in any earlier communication with respect to the solicitation of a

17  proxy for the same meeting or subject matter which has become false or misleading.

18                                             XI.

19       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents,

20  servants, employees, attorneys, and all persons in active concert or participation with them who

21  receive actual notice of this Final Judgment by personal service or otherwise are permanently

22  restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and

23  Rule 16a-3 promulgated thereunder [17 C.F.R. § 240.16a-3] by failing to timely file with the

24  Commission the required Forms 3 [17 C.F.R. § 249.103], Initial Statement of Beneficial Ownership

25  of Securities, Forms 4 [17 C.F.R. § 249.104], Statement of Changes in Beneficial Ownership of

26  Securities, and Forms 5 [17 C.F.R. § 249.105], Annual Statement of Beneficial Ownership of

27  Securities.

28

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Fischer is prohibited, for a period of five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Fischer is liable for disgorgement of $355,372, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $59,458.07. Defendant shall satisfy this obligation by paying $414,830.07 pursuant to the terms of the payment schedule set forth in paragraph XIV below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to Integrated Silicon Solution, Inc. A copy of the cover letter and money order or check shall be sent to Marc J. Fagel, Associate Regional Director, San Francisco Regional Office, United States Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

XIV.

Defendant shall pay $414,830.07 in four installments according to the following schedule: (1) $105,000 within 10 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $115,000 by December 31, 2007 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $96,500 by April 30, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4) $98,330.07 by July 31, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable to the Securities and Exchange Commission immediately without further application to the Court. Fischer

1    shall satisfy this obligation by paying the outstanding payments within ten (10) business days after the

2    payment in Paragraph XIII was due by certified check, bank cashier's check, or United States postal

3    money order payable to the Securities and Exchange Commission.  The payment shall be delivered or

4    mailed to the Office of Financial Management, Securities and Exchange Commission, Operations

5    Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

6    accompanied by a letter identifying Gary L. Fischer as a defendant in this action; setting forth the title

7    and civil action number of this action and the name of this Court; and specifying that payment is

8    made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such

9    payment and letter to the attention of Marc J. Fagel, Associate Regional Director, at the

10   Commission's San Francisco Regional Office, 44 Montgomery Street, Suite 2600, San Francisco, CA

11   94104.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC

12   § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States

13   Treasury.

14                                                    XV.

15        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

16   civil penalty in the amount of $125,000 pursuant to Section 20(d) of the Securities Act and Section

17   21(a) of the Exchange Act.  Defendant shall satisfy this obligation by paying $125,000 pursuant to the

18   terms of the payment schedule set forth in paragraph XVI below after entry of this Final Judgment by

19   certified check, bank cashier's check, or United States postal money order payable to the Securities

20   and Exchange Commission.  The payments shall be delivered or mailed to the Office of Financial

21   Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way,

22   Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary L.

23   Fischer as a defendant in this action; setting forth the title and civil action number of this action and

24   the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  A copy

25   of the cover letter and money order or check shall be sent to Marc J. Fagel, Associate Regional

26   Director, San Francisco Regional Office, United States Securities and Exchange Commission, 44

27   Montgomery Street, Suite 2600, San Francisco, California 94104.  Defendant shall pay post-judgment

28

1 | interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the

2 | funds paid pursuant to this paragraph to the United States Treasury.

3 | XVI.

4 | Defendant shall pay $125,000 in four installments according to the following schedule: (1)

5 | $35,000, within 10 days of entry of this Final Judgment plus post-judgment interest pursuant to 28

6 | U.S.C. § 1961; (2) $30,000 by December 31, 2007 plus post-judgment interest pursuant to 28 U.S.C.

7 | § 1961; (3) $30,000 by April 30, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961; and

8 | (4) $30,000 by July 31, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

9 | If Defendant fails to make any payment by the date agreed and/or in the amount agreed

10 | according to the schedule set forth above, all outstanding payments under this Final Judgment,

11 | including post-judgment interest, minus any payments made, shall become due and payable

12 | immediately without further application to the Court.

13 | XVII.

14 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

15 | incorporated herein with the same force and effect as if fully set forth herein, and that Fischer shall

16 | comply with all of the undertakings and agreements set forth therein.

17 | XVIII.

18 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

19 | jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan
Xavier Carlos Vasquez

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501


APPROVED AS TO FORM:


_____
Ross W. Nadel, Esq.
William S. Freeman, Esq.
Cooley Godward Kronish LLP
101 California St., 5th Floor
San Francisco, CA 94111-5800
(415) 693-2193
Attorney for Defendant Gary L. Fischer


Dated this ____ day of _____, 2007

_____
UNITED STATES DISTRICT JUDGE