MARC J. FAGEL (CA BAR NO.154425)
(fagelm@sec.gov)
MICHAEL S. DICKE (CA Bar 158187)
(dickem@sec.gov)
SHEILA E. O'CALLAGHAN (CA Bar 131032)
(ocallaghans@sec.gov)
XAVIER CARLOS VASQUEZ (CA Bar 194644)
(vasquezc@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

*E-filed 9/18/07*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

[SAN JOSE DIVISION]

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GARY L. FISCHER,<br><br>Defendant. | Civil Action No. C07-03945 HRL<br><br>[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT GARY L. FISCHER |

Plaintiff United States Securities and Exchange Commission ("Commission") has filed a Complaint for Permanent Injunction and Other Relief ("Complaint") in this action and Defendant Gary L. Fischer ("Fischer") has entered a general appearance and has submitted the Consent of Gary L. Fischer to entry of Final Judgment of Permanent Injunction and Other Relief ("Consent"). In the Consent, Fischer waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over him and over the subject matter of this action, admitted that he was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth

in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, those with powers of attorney on Fischer's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;
2. obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3.     engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's Rules thereunder, including but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], and annual reports on Form 10-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-1 [17 C.F.R. § 240.13a-1], such information and documents to contain, in addition to such information as is expressly required to be included in a statement or report to the Commission, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

1. transactions are executed in accordance with management's general or specific authorization;
2. transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;
3. access to assets is permitted only in accordance with management's general or specific authorization; and
4. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of

them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees and attorneys-in-fact, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. §240.13b2-2] by making or causing to be made a materially false or misleading statement, or by omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (A) any audit or examination of the financial statements of an issuer required to be made pursuant to the federal securities laws or (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the federal securities laws or otherwise.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by falsely certifying annual and quarterly reports filed with the Commission under Section 13(a) of the Exchange Act.

## X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 promulgated thereunder [17 C.F.R. §§ 240.14a-3 and 240.14a-9] by making or causing to be made solicitations by means of a proxy statement as required by Rule 14a-3 [17 C.F.R. § 240.14a-3], form of proxy, notice of meeting or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

## XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fischer and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 promulgated thereunder [17 C.F.R. § 240.16a-3] by failing to timely file with the Commission the required Forms 3 [17 C.F.R. § 249.103], Initial Statement of Beneficial Ownership of Securities, Forms 4 [17 C.F.R. § 249.104], Statement of Changes in Beneficial Ownership of Securities, and Forms 5 [17 C.F.R. § 249.105], Annual Statement of Beneficial Ownership of Securities.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Fischer is prohibited, for a period of five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Fischer is liable for disgorgement of $355,372, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $59,458.07. Defendant shall satisfy this obligation by paying $414,830.07 pursuant to the terms of the payment schedule set forth in paragraph XIV below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to Integrated Silicon Solution, Inc. A copy of the cover letter and money order or check shall be sent to Marc J. Fagel, Associate Regional Director, San Francisco Regional Office, United States Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## XIV.

Defendant shall pay $414,830.07 in four installments according to the following schedule: (1) $105,000 within 10 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $115,000 by December 31, 2007 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $96,500 by April 30, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4) $98,330.07 by July 31, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable to the Securities and Exchange Commission immediately without further application to the Court. Fischer

shall satisfy this obligation by paying the outstanding payments within ten (10) business days after the payment in Paragraph XIII was due by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary L. Fischer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the attention of Marc J. Fagel, Associate Regional Director, at the Commission's San Francisco Regional Office, 44 Montgomery Street, Suite 2600, San Francisco, CA 94104. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $125,000 pursuant to Section 20(d) of the Securities Act and Section 21(a) of the Exchange Act. Defendant shall satisfy this obligation by paying $125,000 pursuant to the terms of the payment schedule set forth in paragraph XVI below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary L. Fischer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the cover letter and money order or check shall be sent to Marc J. Fagel, Associate Regional Director, San Francisco Regional Office, United States Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay post-judgment

interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### XVI.

Defendant shall pay $125,000 in four installments according to the following schedule: (1) $35,000, within 10 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $30,000 by December 31, 2007 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $30,000 by April 30, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4) $30,000 by July 31, 2008 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

### XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Fischer shall comply with all of the undertakings and agreements set forth therein.

### XVIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

///
///
///
///
///
///
///
///
///

## XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

*/s/ Xavier Carlos Vasquez*
Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan
Xavier Carlos Vasquez

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

*/s/ William S. Freeman*
Ross W. Nadel, Esq.
William S. Freeman, Esq.
Cooley Godward Kronish LLP
101 California St., 5th Floor
San Francisco, CA 94111-5800
(415) 693-2193
Attorney for Defendant Gary L. Fischer

Dated this 18th day of September, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

3  Michael S. Dicke dickem@sec.gov

4  Marc J. Fagel fagelm@sec.gov

5  William S. Freeman freemanws@cooley.com, galancr@cooley.com

6  Nicole M. Healy nhealy@wsgr.com

7  Christopher R. Howald chowald@wsgr.com

8  Sheila Ellen O'Callaghan ocallaghans@sec.gov

9  Xavier Carlos Vasquez vasquezc@sec.gov, knollc@sec.gov

**\*\* Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing. \*\***

Dated:  9/18/07

                                             /s/ KRO
                                     Chambers of Magistrate Judge Howard R. Lloyd