*E-filed 9/18/07*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | CASE NO.:   C07-03945 HRL |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| INTEGRATED SILICON SOLUTION, INC., | ) ) | **FINAL JUDGMENT AGAINST DEFENDANT INTEGRATED SILICON SOLUTION, INC.** |
| Defendant. | ) ) ) ) ) | |

Plaintiff United States Securities and Exchange Commission ("Commission") has filed a Complaint for Permanent Injunction and Other Relief ("Complaint") in this action and Defendant Integrated Silicon Solution, Inc. ("ISSI") has entered a general appearance and has submitted the Consent of Integrated Silicon Solution, Inc. to entry of Final Judgment of Permanent Injunction and Other Relief ("Consent"). In the Consent, ISSI waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over it and over the subject matter of this action, admitted that is was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees, those with powers of attorney on ISSI's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by

FINAL JUDGMENT OF INTEGRATED SILICON
SOLUTION, INC.

1  personal service or otherwise, and each of them, are permanently enjoined and restrained from,

2  directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15

3  U.S.C. § 77q(a)] by:

4       1.  employing any device, scheme, or artifice to defraud;

5       2.  obtaining money or property by means of untrue statements of material fact or by

6          omitting to state a material fact necessary in order to make the statements made, in

7          light of the circumstances under which they were made, not misleading; or

8       3.  engaging in any transaction, practice, or course of business which operates or would

9          operate as a fraud or deceit upon the purchaser

10  in the offer or sale of any securities by the use of any means or instrumentality of interstate

11  commerce, or of the mails.

12                                      II.

13       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ISSI and its agents,

14  servants, employees, attorneys-in-fact, and all persons in active concert or participation with any

15  of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and

16  each of them, are permanently enjoined and restrained from, directly or indirectly, violating

17  Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and

18  Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

19       1.  employing any device, scheme, or artifice to defraud;

20       2.  making any untrue statement of a material fact or omitting to state a material fact

21          necessary in order to make the statements made, in the light of the circumstances

22          under which they were made, not misleading; or

23       3.  engaging in any act, practice, or course of business which operates or would operate

24          as a fraud or deceit upon any person,

25  in connection with the purchase or sale of the securities of any issuer, by the use of any means or

26  instrumentality of interstate commerce, or of the mails, or of any facility of any national

27  securities exchange.

28

3139314_3.DOC                     -2-        **FINAL JUDGMENT OF INTEGRATED SILICON SOLUTION, INC.**

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by failing to file annual and periodic reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing to include such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

   A.  transactions are executed in accordance with management's general or specific authorization;

1    B.    transactions are recorded as necessary (i) to permit preparation of financial

2 statements in conformity with generally accepted accounting principles or any other criteria

3 applicable to such statements, and (ii) to maintain accountability for assets;

4    C.    access to assets is permitted only in accordance with management's

5 general or specific authorization; and

6    D.    the recorded accountability for assets is compared with the existing assets

7 at reasonable intervals and appropriate action is taken with respect to any differences.

8                                               VI.

9    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ISSI and its agents,

10 servants, employees, attorneys, and all persons in active concert or participation with them who

11 receive actual notice of this Final Judgment by personal service or otherwise are permanently

12 restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)]

13 and Rule 14a-9 promulgated thereunder [17 C.F.R. §240.14a-9] by making or causing to be

14 made solicitations by means of a proxy statement as required by Rule 14a-3 [17 C.F.R.

15 § 240.14a-3], form of proxy, notice of meeting or other communication, written or oral,

16 containing a statement which, at the time and in the light of the circumstances under which it was

17 made, was false or misleading with respect to any material fact, or which omitted to state any

18 material fact necessary in order to make the statements therein not false or misleading or

19 necessary to correct any statement in any earlier communication with respect to the solicitation

20 of a proxy for the same meeting or subject matter which has become false or misleading.

21                                               VII.

22    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

23 incorporated herein with the same force and effect as if fully set forth herein, and that ISSI shall

24 comply with all of the undertakings and agreements set forth therein.

25                                               VIII.

26    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

27 jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

28

3139314_3.DOC                            -4-            FINAL JUDGMENT OF INTEGRATED SILICON
                                                                  SOLUTION, INC.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

Helane L. Morrison
Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan
Xavier Carlos Vasquez
Attorneys for Plaintiff

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

Jerome F. Birn Jr.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 496-4358
Attorney for Defendant
INTEGRATED SILICON SOLUTION, INC.

Dated this __18__ day of __September__, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1    THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

2

3    Michael S. Dicke dickem@sec.gov

4    Marc J. Fagel fagelm@sec.gov

5    William S. Freeman freemanws@cooley.com, galancr@cooley.com

6    Nicole M. Healy nhealy@wsgr.com

7    Christopher R. Howald chowald@wsgr.com

8    Sheila Ellen O'Callaghan ocallaghans@sec.gov

9    Xavier Carlos Vasquez vasquezc@sec.gov, knollc@sec.gov

10

11

12   **\*\* Counsel are responsible for transmitting this order to co-counsel who have not signed
13   up for e-filing. \*\***

14
     Dated:   9/18/07

15                                        _____
                                                  /s/ KRO
16                                        Chambers of Magistrate Judge Howard R. Lloyd

17

18

19

20

21

22

23

24

25

26

27

28